United States District Court
Southern District of Texas

**ENTERED**

August 17, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STEVEN DEMPSEY,<br>   "Plaintiff," | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:23-cv-00056 |
| DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, et al.,<br>   "Defendants." | §<br>§<br>§ | |

## ORDER

Before the Court is Defendant Deutsche Bank National Trust Company's ("Defendant Deutsche Bank") "Notice of Removal" (Dkt. No. 1).

### I.   PROCEDURAL BACKGROUND

Plaintiff filed this wrongful foreclosure lawsuit in state court, and Defendant Deutsche Bank removed it to this Court based on diversity jurisdiction.[1] Dkt. No. 1. All parties are Texas residents except for Defendant Deutsche Bank, a citizen of California. Dkt. Nos. 1 & 1-3. Defendant Deutsche Bank argued diversity jurisdiction existed because Defendants Febenz Investments, LLC, JACAP, LLC, Marcia Chapa, and Auction.com were fraudulently joined. Dkt. No. 1. Plaintiff did not challenge removal.

### II.   DISCUSSION

Courts have an affirmative duty to raise issues on subject matter jurisdiction sua sponte. *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017).

To remove a case based on diversity, a defendant must show that all the prerequisites of diversity jurisdiction in 28 U.S.C. § 1332 are satisfied. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). The district court cannot exercise jurisdiction over a suit in which any party has been improperly or collusively joined to manufacture federal diversity jurisdiction. *Id.* (citing 28 U.S.C. § 1359). A defendant has been fraudulently joined if "there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood*, 385 F.3d at 573.

---

[1] None of the other Defendants joined in the Notice of Removal (Dkt. No. 1) as required by 28 U.S.C. §§ 1446(a) and 1446(b). *See Palermo v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 504 (S.D. Miss. 2008) (discussing the Fifth Circuit's imposition of the "rule of unanimity"). Still, failure "to join in the removal within the statutory thirty-day period is a non-jurisdictional defect that can be waived" if the plaintiff does not raise the issue. *Id.*

1

In analyzing whether a plaintiff has shown a reasonable possibility of recovery, the Court reviews the allegations of the complaint to determine whether it states a claim under state law against the in-state defendant. *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 69 (5th Cir. 2010) (per curiam) (quoting *Smallwood*, 385 F.3d at 573).

A wrongful foreclosure claim may be brought only against a mortgagee or trustee. *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 829-30 (S.D. Tex. 2012); *Ricardo v. Bank of N.Y. Mellon*, No. H-16-3238, 2017 WL 3424975, at *10 (S.D. Tex. Aug. 9, 2017). It is clear from the pleadings that neither Defendants Febenz Investments, LLC nor JACAP, LLC are trustees or mortgagors. Dkt. No. 1-39 at 2. There is thus no reasonable possibility Plaintiff can establish a cause of action against these parties, and the Court cannot exercise subject matter jurisdiction over them.

## III.   CONCLUSION

For these reasons, Plaintiff's claims against Defendants Febenz Investments, LLC and JACAP, LLC are **DISMISSED**. The Clerk of the Court is **ORDERED** to close this case.

Signed on this 17 day of August , 2023

Rolando Olvera
United States District Judge

2